OPINION JUDGMENT ENTRY
{¶ 1} Defendant appellant Ronald Joseph Grezmak appeals his adjudication as a sexual predator.
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} From March 18, 2003, through May 6, 2003, Appellant, a forty-one year old man, established an internet relationship with someone whom he believed was a twelve year old girl named "April" but was in fact Det. Bobby Grizzard, an undercover police officer working with the Internet Crimes Against Children Task Force. During this time period, Appellant had approximately fifteen (15) computer conversations with Det. Grizzard, posing as "April".
 {¶ 4} The conversations involved discussions about oral sex, getting into a hot tub together, riding in Appellant's van which was equipped with a small bed, Appellant buying "April" a pair of thong underwear to wear in the hot tub, Appellant buying "April" a bikini bathing suit which she was to wear just for him.
 {¶ 5} Appellant let "April" know that he would like to meet her and that he would buy her lunch, as well as clothing, at Belden Village Mall. Appellant and "April" agreed to meet at the Belden Village Food Court on May 7, 2003. When Appellant showed up to meet "April" on said date, he was arrested. At the time of his arrest, Appellant had four condoms in his pants pocket which he admitted that he intended to use when he had sex with the girl after buying her lunch.
 {¶ 6} Appellant gave a taped confession to Det. Grizzard wherein he admitted to his fantasies and attraction to young girls and also admitted that he knew that these thoughts were wrong. Additionally, Appellant confessed that he was also involved in a chat-room relationship with a thirteen (13) year old girl from Dover, Ohio, named "Sarababe", with whom he had discussions about sex.
 {¶ 7} Appellant also confessed to sending and receiving child pornography over the Internet. He estimated that he had forwarded approximately fifty (50) photographs over the last year.
 {¶ 8} At the conclusion of the confession, Appellant admitted that his plan had been to meet "April", and have sex with her.
 {¶ 9} Appellant was indicted by the Stark County Grand Jury on one count of Attempted Rape, in violation of R.C. §2907.02(A)(1)(b), one count of Attempted Sexual Imposition, in violation of R.C. § 2907.05(A)(4), and one count of Importuning, in violation of R.C. § 2907.07(D)(2).
 {¶ 10} Appellant entered pleas of guilty to said offenses and on September 8, 2003, Appellant was sentenced to an aggregate prison term of four (4) years.
 {¶ 11} The trial court also conducted a sexual predator classification hearing following the sentencing and Appellant was also determined to be a sexual predator.
 {¶ 12} Appellant timely appealed and herein raises the following assignment of error for our consideration:
 ASSIGNMENT OF ERROR {¶ 13} "I. The trial court erred in adjudicating appellant a sexual predator by relying upon insufficient evidence which failed to meet the statutory criteria as contained in O.R.C.2950.09."
 I. {¶ 14} In his sole assignment of error, Appellant asserts that the trial court's determination that he be classified as a sexual predator was based on insufficient evidence. We disagree.
 {¶ 15} More specifically, Appellant claims that the State failed to prove by clear and convincing evidence that he was likely to reoffend in the future.
 {¶ 16} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained inC.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 17} Revised Code § 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Revised Code § 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 18} "(3) In making a determination . . . as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 19} "(a) The offender's or delinquent child's age;
 {¶ 20} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 21} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 22} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 23} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 24} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 25} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 26} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 27} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 28} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 29} The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. §2950.09(C)(2)(b). Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."State v. Garcia (1998), 126 Ohio App.3d 485, 487.
 {¶ 30} The trial court found that while there was no actual victim in this case, the intended victim was a twelve year old child; Appellant also targeted another victim whom he believed to be thirteen years old; Appellant lured his victim with promises to buy her things; Appellant admitted to having sexual impulses toward young girls and Appellant acted on these impulses; Appellant has a long history of alcohol and marijuana abuse and that the psychological report stated "That the Defendant is an individual with some important areas of emotional difficulty and immaturity of development, that he manages information poorly and that there are some specific underlying problems around masculinity and by extension sexuality . . . The examiner indicates that the substance abuse and negative mood situations are, in fact, factors which enhance the Defendant's risk for this offense and that they should be avoided in the future." (T. at 37-38). The trial court further found that despite two prior marijuana convictions, Appellant had failed to seek any treatment for same. (T. at 38)
 {¶ 31} Based on the foregoing, we find clear and convincing evidence in the record to support the trial court's classification of Appellant as a sexual predator. State v.Nyel, 1st Dist. App. No. C-020640, 2003-Ohio-4961.
 {¶ 32} Appellant's sole assignment of error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas is hereby affirmed.
Boggins, J., Gwin, P.J., and Hoffman, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is hereby affirmed. Costs to appellant.